UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ALICE BLACKBURN

VERSUS

GERRIT J. JONES, ET AL

CIVIL ACTION

NUMBER 11-828-JJB-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 8, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALICE BLACKBURN

VERSUS

GERRIT J. JONES, ET AL

CIVIL ACTION

NUMBER 11-828-JJB-SCR

## MAGISTRATE JUDGE'S REPORT

Before the court is the Plaintiff's Motion for Remander (sic). Record document number 3. The motion is opposed.[1]

For the reasons which follow, the plaintiff's motion should be denied.

## Background

Plaintiff filed a Petition for Damages in state court naming as defendants Gerrit J. Jones, Southern Cal Transport, Inc., and Great West Casualty Company. Plaintiff alleged that she was injured when the 18-wheeler being driven by defendant Jones, who was acting in the course and scope of his employment with defendant Southern Cal Transport, struck the vehicle which she was driving. Plaintiff alleged that defendant Southern Cal Transport owned the vehicle Jones was driving and defendant Great West Casualty Company insured defendant Southern Cal Transport's vehicle. Plaintiff alleged that she is a "resident of the Parish of East Baton Rouge,"

---

[1] Record document number 6.

defendant Jones is "domiciled in the State of Alabama," defendant Southern Cal Transport is "organized under the laws of the State of Alabama," and defendant Great West Casualty is "a foreign insurance company authorized to do and doing business in the State of Louisiana."[2] Plaintiff alleged that the accident was caused by Jones's negligence.

Plaintiff alleged that as a result of the accident she suffered injuries, as follows:

> ... ALICE BLACKBURN has suffered and will continue to suffer in the future, the following, non-exclusive injuries:
> a)   Cervical Radiculitis;
> b)   Cervical Spondylitis;
> c)   Lumbar Spondylosis;
> d)   S1 Nerve root impingement
> e)   Disc protrusion at L4-5;
> f)   Disc protrusion at left L2-3
> g)   Shallow disc bulging at L1-2; and
> h)   Other injuries to be more fully described and proven at the trial of this matter.[3]

Plaintiffs sought recovery for various categories of damages, as follows:

> Plaintiff, ALICE BLACKBURN, claims the following damages as a result of the accident and her injuries:
> a)   Physical pain and suffering - past, present and future;
> b)   Mental pain, anguish, and distress - past, present and future;
> c)   Loss of companionship, solace and society of her husband and family - past, present, and future;

---

[2] Record document number 1-3, Petition for Damages, introductory paragraph and ¶ 1.

[3] *Id.* at ¶ 7.

2

| | | |
|---|---|---|
| | d) | Loss of enjoyment of life - past, present and future; |
| | e) | Permanent physical impairment and disabilities - past, present and future; |
| | f) | Medical expenses - past, present and future; |
| | g) | Lost wages - past, present and future; |
| | h) | Impairment of earning capacity - past, present and future; |
| | i) | Any and all other damages to be proven at the trial of this matter.[4] |

Defendants Jones, Southern Cal Transport and Great West Casualty Company removed the suit to this court asserting subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Defendants alleged that defendant Jones is a citizen of Alabama, defendant Southern Cal Transport is organized under the laws of Alabama and has its principal place of business in Alabama, and defendant Great West Casualty Company is incorporated in Nebraska and has its principal place of business in Nebraska.[5] Defendants asserted that it is facially apparent from the plaintiff's alleged injuries and damages that the required amount in controversy is present.

In her motion to remand the plaintiff argued there is not complete diversity of citizenship and the amount in controversy is not present.[6] Plaintiff based her no-diversity argument only on

---

[4] *Id.* at ¶ 10.

[5] Record document number 1-2, Complaint for Removal, ¶¶ 5 - 7.

[6] Plaintiff's motion and her supporting memorandum include Creso Capital, Inc., as a defendant in the caption of the case, but not defendant Southern Cal Transport. Creso Capital, Inc., is also
(continued...)

3

the assertion that defendant Great West Casualty Company is a "foreign insurance company authorized to do and doing business in the State of Louisiana" and therefore it is a Louisiana citizen.

Defendants characterized this argument as "absurd," noting that the plaintiff herself alleged that defendant Great West Casualty Company is a "foreign insurance company." Defendants submitted with their removal papers an exhibit showing that defendant Great West Casualty Company is located in Nebraska.[7] As to the amount in controversy, the defendants reiterated their argument that the plaintiff's allegations of injuries sustained and the damages she claims make it facially apparent that the required amount in controversy, more than $75,000, is present. Defendants also noted they asked the plaintiff to stipulate that her damages do not exceed that amount, but she refused to do so.[8]

## **Applicable Law**

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary

---

[6](...continued)
mentioned in the body of the motion as a defendant, and again defendant Southern Cal Transport is not mentioned. However, Creso Capital, Inc., is not mentioned in the supporting memorandum, but defendant Southern Cal Transport is mentioned. Absent some explanation from the plaintiff, the court will assume the inclusion of Creso Capital, Inc., is a drafting error by the plaintiff's attorney.

[7] Record document number 1-3, Exhibit 2.

[8] Record document number 6-1, Exhibit 3.

4

to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reg. denied*, 70 F.3d 26 (5th Cir. 1995).

Because plaintiffs in Louisiana state courts may not plead a numerical value of claimed damages, the Fifth Circuit has established a framework for resolving disputes over the amount in controversy for actions removed based on diversity jurisdiction from Louisiana courts. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882-83 (5th Cir. 2000). In such cases the removing defendant must prove by a preponderance of the evidence that the jurisdictional amount is satisfied in one of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth facts--preferably in the removal petition, but sometimes by affidavit--that support a finding of the requisite amount. *Id.*; *Grant v. Chevron Phillips Chemical Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945, 123 S.Ct. 1634 (2003).

Whatever the manner of proof, the jurisdictional facts that support removal must be judged at the time of removal. *Gebbia*, 233 F.3d at 883. If at the time of removal it is facially apparent from the petition that the amount in controversy exceeds $75,000.00, post-removal affidavits, stipulations and amendments reducing the amount do not deprive the court of jurisdiction. *Id.*; *Asociacion Nacional de Pescadores a Pequena Escalal O Artesanales*

*de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 565 (5th Cir. 1993), *cert. denied*, 510 U.S. 1041, 114 S.Ct. 685 (1994). However, post-removal affidavits may be considered in determining the amount in controversy, if the basis for jurisdiction is ambiguous at the time of removal. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000.00. *Grant*, 309 F.3d at 869; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586 (1938).

Louisiana Code of Civil Procedure article 893(A)(1) provides that while no specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand, "if a specific amount of damages is necessary to establish...the lack of jurisdiction of federal courts due to insufficiency of damages,...a general allegation that the claim exceeds or is less than the requisite amount is required." Failure to include an allegation pursuant to Article 893(A)(1) is a factor the court must consider, but alone it is not enough to establish that the jurisdictional amount is satisfied. *See*, *Weber v. Stevenson*, 2007 WL 4441261 (M.D. La. Dec. 14, 2007).

## Analysis

Plaintiff's no-diversity argument is frivolous and demonstrates a fundamental lack of understanding of how the citizenship of a corporation is determined for the purpose of § 1332. Plaintiff offered no support for the proposition that the bare fact a corporation does business in a state makes it a citizen of that state for the purpose of § 1332. Under § 1332(c), and in the circumstances of this case, a corporation is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." Plaintiff has neither alleged nor offered any evidence to show that defendant Great West Casualty Company is incorporated in Louisiana or has its principal place of business in Louisiana. There are no facts to dispute that defendant Great West Casualty Company is incorporated in Nebraska and also has its principal place of business in Nebraska. Consequently, the defendants have shown that there is complete diversity of citizenship between the plaintiff and the defendants.

It is apparent from the Petition for Damages that the necessary amount in controversy is present. The cases cited by the defendants show that the injuries the plaintiff alleged she suffered as a result of the accident, if proven, would easily support an award of damages of more than $75,000.[9] Although the categories of damages claimed by the plaintiff are commonly alleged

---

[9] Record document number 6, p. 3, n. 5.

7

in cases of this kind, this does not mean either the defendants or the court should assume the plaintiff did not allege them in good faith. Moreover, such damages would likely be associated with the specific injuries the plaintiff alleged. Because it is facially apparent that the required amount in controversy is present the defendants were not required to present any other evidence of the amount in controversy to support their removal.

Plaintiff's argument that "she only describes her injuries in a manner that is usually and customarily described by personal injury plaintiffs"[10] is factually incorrect and therefore unpersuasive. While she may have described her claimed damages categorically, her injury allegations are very specific.

Finally, the court must consider that the plaintiff failed to include in her Petition for Damages a statement that her claim is for less than the amount required for federal court jurisdiction, she did not file with her Petition for Damages a binding stipulation limiting her damages to less than $75,000, and she refused to do so when asked by the defendants. These facts add support to the conclusion that the required amount in controversy is present.

## **Conclusion**

Defendants have shown that there is complete diversity of citizenship between the plaintiff and the defendants, and the

---

[10] Record document number 3-1, p.3.

8

amount in controversy required by § 1332 is present.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the Plaintiffs' Motion for Remander (sic) be denied.

Baton Rouge, Louisiana, February 8, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE